## Rosemarie Lostumbo et al. *v.* Board of Education of the City of Norwalk et al.

Superior Court      Judicial District of      File No. 176209
Fairfield at Bridgeport

Memorandum filed April 17, 1980

*Lawrence J. Merly,* for the plaintiffs.

*Bai, Pollock & Dunnigan,* for the defendants.

Jacobson, J. The plaintiff Rosemarie Lostumbo is alleged to have sustained personal injuries as a result of a fall on the grounds of Nathan Hale School, where she was a student, while walking across a sidewalk which was "covered with snow and ice and was uneven, slippery and defective" at the direction of the defendants Krystopic and Goldstein, teachers employed by the defendant board of education of the city of Norwalk. The complaint alleges that the board "had notice and knowledge or with reasonable diligence should have had notice and knowledge of the condition of said passageway but wholly neglected to remedy said defective condition."

The complaint consists of two counts, the first as to the board and the second as to the teachers. The board has moved to strike the first count of the complaint on the ground it "does not state a cause of action since said defendant is not subject to civil action by reason of governmental immunity." The plaintiffs' brief in opposition, however, appears to raise the issue of liability of municipal bodies. In the absence of a definitive statement in Connecticut law as to the liability of boards of education for their own torts, on the one hand, and their immunity from suit, on the other, the court will discuss both issues.

It is well settled in Connecticut that absent a legislative enactment providing consent to suit, the state is immune from legal action. *Comba* v. *Ridgefield,* 177 Conn. 268, 272. No such statute exists as to local boards of education. Where an individual has sustained injuries as a result of a state's alleged tortious conduct, General Statutes §§ 4-141 through 4-165b enable him to obtain consent to sue from the state claims commissioner.

Local boards of education have long been held agents of the state in carrying out the educational interests of the state. *Horton* v. *Meskill,* 172 Conn. 615, 647; *West Hartford Education Assn., Inc.* v. *DeCourcy,* 162 Conn. 566, 573; *Norwalk Teachers' Assn.* v. *Board of Education,* 138 Conn. 269, 275. The educational interests of the state are broadly defined; General Statutes § 10-4a as amended by Public Acts 1979, No. 79-128, § 10; and the powers granted and the duties imposed on local boards of education, which include maintenance of school property, are equally as broad. General Statutes § 10-220 as amended by Public Acts 1979, No. 79-128, § 11. Whether maintenance of school property is part of the educational interests of the state has

never been addressed. That local boards are not agents of the state in performing each and every mandated function has, however, been discussed by the courts. Thus, in regard to acquisition of school property, "the members of a board of education are still officers of the town. . . . They are also empowered by General Statutes § 10-220 to 'perform all acts required of them by the town.'" *Cheney* v. *Strasburger*, 168 Conn. 135, 141. It has also been said that a local board is not a budgeted state agency because, inter alia, the town board of finance controls the total amount of appropriations for the board, subject to certain limitations.[1] *Bridgeport* v. *Agostinelli*, 163 Conn. 537, 551. Additionally, a local board is not a state agency in "a basic financial sense" because its funding source is primarily local. *State ex rel. Board of Education* v. *Quinn*, 28 Conn. Sup. 265, 272.

If we assume, arguendo, that a local board is an agent of the state and that an injured plaintiff, after first obtaining consent to sue from the claims commissioner, successfully litigated his case, it could hardly be suggested that the state pay the judgment; that obligation would rest with the local board. To hold the state financially responsible for a local board's failure to maintain the walkways on school grounds would be unjust. The court must determine whether, in fact, the state is the real party in interest by examining "the essential nature and effect of the proceeding" and whether a judgment would "operate to control the activities of the state or subject it to liability . . . ." *Somers* v. *Hill*, 143 Conn. 476, 479–80. The alleged tortious conduct of a local board in these circumstances has no bearing on the state's activities. In addition,

[1] Although Connecticut's method of financing education has been reformed; see Public Acts 1979, No. 79-128; and additional state control has been imposed on local board decisions, the major source of school funding is still the towns.

funding education, although increasingly regulated by the state, remains primarily the function of the towns. Any judgment to be paid would come from local coffers. The town, not the state, would be the real party against whom relief would be sought.[2]

Accordingly, the court finds that the board is not an agent of the state in a negligence action. The doctrine of sovereign immunity, therefore, would not apply here and the board's motion to strike is denied.

The question then is whether the board enjoys immunity from liability as a municipal body. A municipal corporation enjoys qualified immunity in the performance of a governmental function; *Fraser* v. *Henninger,* 173 Conn. 52, 60; and it is well established that providing education is a gov-ernmental, not a proprietary, function. *Mitchell* v. *King,* 169 Conn. 140, 146; *Sestero* v. *Glastonbury,* 19 Conn. Sup. 156. A municipal body, however, is not immune from liability where the conduct complained of constitutes negligent execution of a ministerial duty; *Tango* v. *New Haven,* 173 Conn. 203, 205; *Fraser* v. *Henninger,* supra; or where the action is founded upon nuisance. *Kostyal* v. *Cass,* 163 Conn. 92, 98; *Sestero* v. *Glastonbury,* supra.

Although the present lawsuit sounds in negligence, nuisance may have its origin in negligence. *Sestero* v. *Glastonbury,* supra, 159. To consider the present action as grounded in nuisance, however, the complaint would have to allege a positive act committed by the board; *Bush* v. *Norwalk,* 122 Conn. 426; but it makes no such allegation. Merely to allege failure to take indicated remedial action is

---

[2] General Statutes § 10-235 requires local boards of education to indemnify teachers for loss in specified instances. In addition, to deem the state the real party in interest would create confusion as to the role of the claims commissioner. General Statutes §§ 4-141 through 4-165b.

insufficient to state a cause in nuisance. *Brennan* v. *West Haven,* 151 Conn. 689, 692–93. The nuisance exception is, therefore, inapplicable to the case at bar.

The plaintiffs argue in their brief in opposition to the motion to strike that a "general allegation of negligence may permit proof of facts showing that the duties involved were ministerial, not discretionary." A ministerial duty is one which is " 'to be performed in a prescribed manner without the exercise of judgment or discretion.' " *Tango* v. *New Haven,* supra, 205, quoting *Wright* v. *Brown,* 167 Conn. 464, 471. Although it would appear that the care and maintenance of the school walkways is discretionary, a motion to strike " 'is tested by the facts provable under the allegations of the pleading to which the [motion] is addressed.' " *Tango* v. *New Haven,* supra, 205, quoting *Fraser* v. *Henninger,* supra, 60.

The allegations of negligence contained in the present complaint would permit proof of facts establishing the board's failure properly to discharge a ministerial function; for example, that the board was under a duty to provide a plan for maintenance of sidewalks and for routing of the students when icy conditions existed.

For the above reasons, the board's motion to strike is hereby denied.