[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Plaintiff, Lee Barden, commenced the present suit against nine members of the East Haven Board of Education (hereinafter "the Board"), the Town of East Haven (hereinafter "the Town"), and Donald Ross (hereinafter "Ross"), an employee of the Town, for injuries resulting from a fall on the property of the East Haven Middle School (hereinafter "the School").
Plaintiff alleges in a substituted five count complaint dated February 13, 1992 (hereinafter "complaint"), that on November 9, 1989, at approximately 9:50 p.m., she was on the premises of the school for the purpose of picking up her son who was attending a function sponsored by the School and the Board. While walking across the grass area near the front entrance of the School, plaintiff stepped into a concealed hole which caused her left foot and leg to become wedged between a drainage grate and the edge of the aforementioned hole, and as a result of the foregoing, she suffered various painful and permanent injuries.
Counts one, two and three of the complaint are directed to the Board and sound in negligence, nuisance and absolute nuisance, respectively. Count four is directed to the Town and states a claim for indemnification pursuant to General Statutes 7-465
based on the Board's alleged failure to properly maintain the School grounds. Count five sets forth a claim of negligence against Ross and also states a claim for indemnification against the Town pursuant to General Statutes 7-465.[1]
On January 29, 1992 pursuant to Practice Book 152, CT Page 5949 defendants collectively filed the pending motion to strike and a memorandum of law. The Board, the Town and Ross seek to strike counts one, four and five, respectively, on the ground that they are immune from liability under the doctrine of governmental immunity. The Board seeks to strike counts two and three on the ground that plaintiff's nuisance claims are legally insufficient. On February 11, 1992, plaintiff filed an opposing memorandum of law.
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the [pleading], and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). The court must construe the facts in the [pleading] in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos v. C.B.S., Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985).
Generally, governmental immunity must be pled as a special defense under Practice Book 164. Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982). However, where it is apparent from the fact of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint by a motion to strike. Brown v. Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743
(1987).
Taking up first the motion to strike counts one, four and five on the ground that the Board, the Town, and Ross are all entitled to the defense of governmental immunity, it is these defendants' claim that the Board's and Ross' duty to maintain the School property was a public and not a private duty. Defendants next argue that because the acts complained of were discretionary in nature, and plaintiff does not fall under any of the three exceptions to governmental immunity set forth in Evon v. Andrews,211 Conn. 501, 559 A.2d 1131 (1989), the court should strike counts one and five of the complaint. Defendants then argue that because neither the Board nor Ross can be held liable under counts one and five, plaintiff's claim for indemnification against the Town, count four, must also fail.
In counts one and five, respectively, plaintiff alleges essentially that the Board and Ross were negligent in failing to CT Page 5950 prevent the dangerous condition which caused plaintiff's injuries. Plaintiff argues that it is not clear from the pleadings that the alleged actions were discretionary and that such a determination is clearly a factual issue for the trier.
It should be noted that count four of plaintiff's complaint only refers to indemnification by the Town for the Board's actions. No reference is made to indemnification by the Town for Ross's actions.
"[T]he public duty doctrine provides the starting point of the analysis with regard to the question of municipal liability." Roman v. Stamford, 16 Conn. App. 213, 219, 547 A.2d 97 (1988), aff'd, 211 Conn. 396 (1989), quoting Gordon, 208 Conn. 161, 170,544 A.2d 1185 (1988).
 [I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, than a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual cause of action for damages.
Gordon, supra, 166, quoting Leger v. Kelly, 142 Conn. 585, 589-90,116 A.2d 429 (1955). Thus, the court seeks to determine whether there is a public or private duty. Id., 220. "This determination involves a question of law." Id.
The test to determine whether the actions involved create an individual duty can be stated as follows:
 If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.
Leger, supra, 590-91.
In the event that the duty involved under the circumstances of the case was a public duty, "the issue of municipal liability may also turn upon whether the specific act in issue was CT Page 5951 ministerial or discretionary." Roman, supra, 221. Whether the acts complained of were discretionary or ministerial is a question of fact for the trier. Gauvin v. New Haven, supra, 186.
In the present case, plaintiff alleges in count one that pursuant to General Statutes 10-220, the Board had a duty to "maintain and operate the buildings, lands and apparatus and other property used for school purposes by the school district of East Haven." It is clear that 10-220 imposes a duty on the Board to maintain the school property,[2] and, based on the recent supreme court holding in Heigl v. Board of Education, 218 Conn. 1, 8,587 A.2d 423 (1991), this duty is one which is owed to the public.[3]
Accordingly, the issue turns to whether the Board's alleged actions with respect to that duty were ministerial or discretionary. Roman, supra.
It is well established that a municipal corporation enjoys a qualified immunity in the performance of a governmental function. Frazer v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977). However, a municipal body is not immune from liability where the conduct complained of constitutes negligent execution of a ministerial duty. Tango v. New Haven, 173 Conn. 203, 205,377 A.2d 284 (1977). Ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Id. As stated previously, a determination of whether a duty is ministerial or discretionary is generally a question of fact for the trier. Gauvin, supra, 186.
In the present case, the plaintiff's allegations of negligence in count one against the Board would permit proof of facts establishing the Board's failure to properly discharge a ministerial function. See Lostumbo v. Board of Education,36 Conn. Sup. 293, 297, 418 A.2d 949 (1980) (denying motion to strike negligence claim on ground that plaintiff's allegations would permit proof of facts that defendant board of education failed to discharge a ministerial function). Accordingly, the defendants' motion to strike count one of the complaint is denied.
Since the defendants' motion to strike the plaintiff's indemnification claim against the Town, count four, is based on the Board's alleged conduct in count one, the motion to strike count four is denied.
As far as the motion to strike count five on the ground that defendant Ross is immune from liability under the doctrine of governmental immunity is concerned, it is clear that while a municipality itself was generally immune from liability for its tortious acts at common law, its employees faced the same personal tort liability as private individuals. Evon v. Andrews, supra, 505. Although a municipal employee may have a qualified immunity CT Page 5952 in the performance of a governmental duty, he may still be liable if he misperforms a ministerial act, as opposed to a discretionary act. Id.
In count five of the complaint, the plaintiff has alleged that Ross had a duty to maintain the school yard. As discussed previously, this duty is one owing to the public. See Heigl, supra. Thus, the issue becomes whether Ross's actions with respect to his alleged duty were ministerial or discretionary. As in the Board's case, the allegations of plaintiff's negligence claim would permit proof of facts establishing that Ross failed to discharge a ministerial function. See Lostumbo, supra. Accordingly, the motion to strike count five is denied.
The final issue before the court is whether the court should grant defendants' motion to strike plaintiff's claims for nuisance and absolute nuisance, counts two and three, respectively.
Defendants first argue that counts two and three should be stricken because plaintiff has failed to state a cause of action based on private nuisance. Defendants also argue that because plaintiff has not alleged that she was in the exercise of a public right at the time of the incident or that the defendants' intentional conduct caused the condition, she has failed to allege a "public nuisance". Plaintiff argues that the second count sufficiently sets forth a nuisance claim because it is alleged to have arisen out of the Board's negligence. Plaintiff argues further that the third count states a legally sufficient claim for absolute nuisance because it is based on the Board's breach of its statutory duty to maintain the school yard under General Statutes10-220.
"It is well established that a town may be held liable for injury resulting from a nuisance created and maintained by it." Marchitto v. West Haven, 150 Conn. 432, 437, 190 A.2d 597 (1963). Actions against public authorities founded upon such nuisance fall into three general classes: (1) nuisances which result from the conduct of the public authority in violation of a statute; (2) nuisances which are intentional in the sense that the creator intended to bring about the conditions constituting a nuisance; and (3) nuisances having their origin in negligence, that is, in the failure of the creator of the conditions to exercise due care. Carabetta v. Meriden, 145 Conn. 338, 339-40, 142 A.2d 727 (1958). The first two categories are generally referred to as absolute nuisances. Id., 340.
"Our case law has established that a municipality must be shown to have both created and maintained a nuisance in order to be liable for an injury caused by it." State v. Tippets-Abbett-McCarthy-Stratton, 204 Conn. 177, 184 n. 5, 527 A.2d 688
CT Page 5953 (1987). "Liability can be imposed on the municipality only in the event that, if the condition constituted a nuisance, it was created by some positive act of the municipality." (Emphasis added.) Brennan v. West Haven, 151 Conn. 689, 692, 202 A.2d 134 (1964). "Merely to allege failure to take indicated remedial action is insufficient to state a cause in nuisance." Lostumbo, supra, 296-97, citing Brennan, supra, 692-93.
In count two of the complaint, plaintiff alleges that her injuries were incurred as a result of a nuisance created by the Board's failure to properly maintain the school yard. In count three plaintiff alleges that she incurred her injuries due to the Board's failure to maintain the school yard in accordance with General Statutes 10-220(a). The plaintiff has failed to allege in either of her nuisance counts that the condition causing her injuries was created by some "positive act" by the Board.
Accordingly, because a positive act by a municipality is required in order to establish liability based upon a theory of nuisance; Tippets, supra; the defendants' motion to strike counts two and three of plaintiff's complaint is granted because said counts fail to state claims upon which relief can be granted.
Based on the foregoing, the court denies defendants' motion to strike counts one, four and five of the complaint, and grants defendants' motion as to counts two and three.
Hadden, J.