[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE OF DEFENDANT TOWN OF WATERFORD
On September 15, 1992; the plaintiffs, Allan J. Viens, a minor (Allan), by and through his natural father and next friend, Thomas Viens, and Thomas Viens ("father" or "Thomas"), individually, filed a three-count complaint against the defendants, Michael H. Graner ("Graner"), as principal of Waterford High School, the Waterford Board of Education (the "Board"), and the Town of Waterford ("Town").
In count one, the plaintiffs allege a cause of action in negligence against defendant, Graner. The plaintiffs allege that as a student at the Waterford High School, Allan sustained personal injuries when two fellow students allegedly ran down a hallway at a high rate of speed crashing into him. The plaintiffs allege that the injuries, losses and damages sustained by Allan were proximately caused by the negligence and carelessness of the defendant, Graner, in failing to reasonably supervise, monitor or promulgate rules regarding student pedestrian traffic or in failing to proscribe running in the hallways of the school. CT Page 6245
In count two of plaintiffs' complaint, against the Board, plaintiffs allege that, pursuant to General Statutes10-221, the Board was charged with the responsibility and duty of prescribing rules for the management and discipline of the public schools of Waterford. Plaintiffs further allege that the Board was negligent in failing to promulgate regulations in respect to student pedestrian traffic, in failing to proscribe running in the halls or in failing to take any precautions to prevent reckless conduct, and, as a result of the Board's negligence, Allan sustained injuries. Count three of plaintiffs' complaint, directed against the Town, is an indemnification claim predicated on General Statutes 7-465.
On December 24, 1992, the Town filed a motion to strike counts one and three of plaintiffs' complaint on the ground that the complaint fails to state causes of action upon which relief can be granted on the ground that Graner and the Town are protected by the doctrine of governmental immunity.[1]
Each party filed a memorandum of law.
 II.
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "In deciding upon a motion to strike. . ., a trial court must take the facts to be those alleged in the [pleading], and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grisby,215 Conn. 345, 348, 576 A.2d 149 (1990). "The court must construe the facts in the [pleading] in the manner most favorable to the non-moving party." Rowe v. Godou, 12 Conn. App. 538, rev'd., 209 Conn. 273, 278, 550 A.2d 1073 (1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491, A.2d 368 (1985). "`Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleading, the defendant must await the evidence which may be adduced at trial, and the motion should be denied.'" Liljedahl Bros., Inc. v. Grigsby, supra, 348, quoting Fraser v. Henniger, 173 Conn. 52, 60, 376, A.2d 406 CT Page 6246 (1977).
The plaintiffs allege that the defendant, Graner, as principal of Waterford High School, "was charged with the responsibility and duty of supervision in respect to the orderly conduct of [the] high school and. . . in respect to the supervision of dismissal of said students at the end of the school day. . . ." (Complaint, count one, para. 3). The plaintiffs further allege that the defendant Graner failed to monitor student pedestrian traffic, failed to promulgate rules in respect to student traffic, failed to proscribe running in the hallways, and failed to take reasonable measures to prevent reckless conduct.
The Town argues, in support of its motion to strike, that the allegations contained in counts one and three of plaintiffs' complaint, relating to a duty to supervise students properly and adequately, demonstrates that the defendant, Graner, was acting in a governmental function and exercising a duty which was discretionary,[2] and therefore the defendants are protected by the doctrine of governmental immunity.
Generally, governmental immunity must be specially pleaded. Practice Book 164; Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982). If, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by plaintiff, the plaintiff [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." (citation omitted.) Brown v. Branford, 12 Conn. App. 106, 111, n. 3, 529 A.2d 743
(1987).
It is evident that before examining a complaint for allegations of ministerial or discretionary acts by a municipal employee, however, the court must decide whether a public or private duty is alleged to apply to the municipal employee, for "the public duty doctrine provides the starting point of the [governmental immunity] analysis. . . ." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1984).[3] To survive a motion to strike the court must determine that the defendant owed a duty to the plaintiff. Id., 171. "Negligence is a breach of duty. It is important CT Page 6247 to distinguish between the existence of a duty and the violation of that duty." (citation and internal quotation omitted.) Id. "The existence of this duty is a matter for the court to decide, not a jury." Id. "Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (citation omitted). Id. Under the public duty doctrine, "`[i]f the duty which the official authority imposes on an officer is a duty to the public, a failure to perform it, or an inadequate performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution."' Gordon v. Bridgeport Housing Authority supra, 166, quoting Shore v. Stonington, supra, 152. "`On the other hand, if the duty is a duty to the individual [a private duty], then a neglect to perform it or to perform it improperly, is an individual wrong, and may support an individual action for damages.'" Gordon v. Bridgeport Housing Authority, supra, quoting Leger v. Kelly, 142 Conn. 585, 590-91, 116 A.2d 429 (1955).
A duty to supervise students is a public duty as it affects students generally, and is not a private or specific duty owed to an individual such as the plaintiff. "A public duty. . . refers to the affect [sic] of a duty. Does it `. . . affect an individual in a manner different in kind from the way it affects the public at large. . . ?'" Arvoy v. City of Stamford, 2 Conn. L. Rptr. 317, 319 (August 21, 1990, Lewis, J.), quoting Leger v. Kelly, supra, 591.
Although the plaintiffs have not pleaded that the defendant, Graner, owed a specific duty to supervise students to an individual such as the plaintiff, see Arvoy v. City of Stamford, supra, the plaintiffs' complaint does contain sufficient allegations to give rise to a duty owed by the defendant, Graner, to the student population.
"`Once it is determined that the duty involved. . . is a public duty, the issue of municipal liability may also turn on whether the specific act in issue was ministerial or discretionary."' Roman v. Stamford, 16 Conn. App. 213, 221,547 A.2d 97 (1988), aff'd, 211 Conn. 396 (1989), quoting Gordon v. Bridgeport Housing Authority, supra, 181. "[W]hether the acts complained of. . . [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of." Gauvin v. New Haven, 187 Conn. 180, CT Page 6248 186, 445 A.2d 1 (1982); see also Couture v. Board of Education, 6 Conn. App. 309, 311, 505 A.2d 432 (1986).
In Gordon, supra, 179-180, and Heigl v. Board of Education, 218 Conn. 6, 7, 587 A.2d 423 (1991), however, the court held that it was proper for trial courts to rule on a motion to strike when a determination of whether certain duties are ministerial or discretionary can be made as a matter of law.
In Gordon, the plaintiff alleged that the city and the Bridgeport police department negligently created a condition conducive to crime and failed to provide adequate security at a housing project which caused the plaintiff to be severely beaten. Gordon v. Bridgeport Housing Authority, supra, 161-163. The defendants, in their motion to strike, claimed that no duty was owed to the plaintiff. Id., 161. The court first concluded that the City of Bridgeport owed no duty, as landlord, to the plaintiff, as the city did not own the housing project in which the plaintiff was injured. Id., 179. The Gordon court next examined the issue of whether a shortage of police patrols in the housing project was a breach of duty imposed by law and not simply a discretionary decision by the police department concerning the deployment of its forces. Id. The court followed the great weight of authority and held that the operation of a police department is a discretionary governmental function. Id.
In Heigl, the plaintiffs alleged in their amended complaint that the defendant, Board of Education, had exceeded its statutory authority in implementing an open campus policy. Heigl v. Board of Education, supra, 3. The Heigl court was able, as a matter of law, to interpret the statute alleged to have been violated, in determining that the actions of the defendant, under a statutorily created duty, were discretionary and not ministerial. Id., 6, 7.
It appears then that the issue in the present case turns on whether the defendant's alleged actions with respect to the public duty were ministerial or discretionary. See Roman v. Stamford, supra, 221. As stated previously, a determination of whether a duty is ministerial or discretionary is generally a question of fact for the trier. Gauvin v. New Haven, supra, 186. CT Page 6249
The plaintiffs have alleged sufficient facts to demonstrate that the defendant, Graner, owed a duty to the Waterford High School student body to supervise the dismissal of students. Therefore, the issue becomes whether Graner's actions with respect to his alleged duty were ministerial in nature or discretionary. The defendant has not demonstrated that the actions of a school principal in supervising the dismissal of students at the end of a school day, or at other times, are, as a matter of law, discretionary activities. And even if "the duty of the public official to act is not ministerial, but instead involves the exercise of discretion, the negligent failure to act will not subject the official to liability unless the duty to act is clear and unequivocal. Gordon v. Bridgeport Housing Authority, supra, 167. Therefore, if it is apparent to the defendant that his failure to act would be likely to subject an identifiable person to imminent harm, he would not be excused from liability. See Sestito v. Groton, 178 Conn. 520, 528,423 A.2d 165 (1979). Accordingly, the court concludes that plaintiffs have asserted a legally sufficient claim to withstand the defendant's motion to strike and that such claim will permit proof of facts (if such facts exist) establishing that Graner failed to discharge a ministerial function, or even if the duty was discretionary, had a clear and unequivocal duty to act. See Lostumbo v. Board of Education, 36 Conn. Sup. 293, 297, 418 A.2d 949 (Superior Ct. 1980). For example, proof that the Board of Education issued instructions or administrative orders to Graner requiring that student dismissals were to be supervised in a certain manner or that regulations regarding running in the halls were to be promulgated, may give rise to such a ministerial duty. See Koloniak v. Board of Education,28 Conn. App. 277, 281-82, 610 A.2d 193 (1992), (board of education bulletin to custodians to keep walkways clear of ice and snow created in those custodians, a ministerial function as a matter of law). The holding in Koloniak, supra, compels the conclusion that an issue of fact exists as to whether the acts of Graner were ministerial or discretionary in nature and therefore the motion to strike count one must be denied.
In count three of plaintiffs' complaint, plaintiffs allege that, pursuant to General Statutes 7-465, the Town has the duty to indemnify the defendant, Graner, for any judgment rendered against Graner. General Statutes 57-465 CT Page 6250 establishes municipal liability for certain acts of employees. The municipality does not assume liability in the first instance, but rather its liability is derivative. Kay v. Manchester, 20 Conn. App. 439, 443-44, 568 A.2d 459
(1990). "Thus, in a suit under General Statutes 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employer." Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364
(1978).
Because the defendant's motion to strike count one of plaintiffs' complaint regarding the negligence of the Town's employee, Graner, must be and is denied, plaintiffs have a legally sufficient claim under count three, as the Town may be held liable for indemnification as a result of its employees' negligence. The motion to strike count three, therefore, is also denied.
Teller, J.