[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 2, 1996
The plaintiff, Frank Miller, by his mother Gloria Miller, and Gloria Miller individually, filed a five-count revised complaint on December 7, 1996, against the City of Stamford, the Board of Education of the City of Stamford, and Richard Sobolewski seeking compensation for injuries the plaintiff sustained while in gym class at Stillmeadow School. The City of Stamford filed a motion to strike (# 111) the second and fifth count on December 27, 1995, arguing that the city has no right or duty of supervision or maintenance with respect to school property, personnel or activities. The plaintiff filed a brief in opposition on February 10, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems Inc.v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The second count alleges that the City of Stamford was negligent. The fifth count seeks indemnification on behalf of Richard Sobolewski pursuant to General Statutes § 7-465. The city argues that General Statutes § 10-220 specifically provides that maintenance of school property is the responsibility of the Board of Education, and General Statutes § 10-221 requires local boards to prescribe rules and policies concerning management and supervision of the schools. CT Page 6352 The city has no rights or obligations with respect to school property.
The plaintiff responds that the cases cited by the defendant are not on point, and General Statutes § 7-465 specifically permits indemnification by the municipality.
Count two does not allege the elements of a negligence cause of action. "The essential elements of a cause of action in negligence are well established: duty: breach of that duty; causation; and actual injury." RK Constructors, Inc. v. FuscoCorp. 231 Conn. 381, 384, 650 A.2d 153 (1994). The count states that the city was negligent in failing to provide safe premises, safe equipment, e.g. the stacking of mats, failing to properly stack the mats, creating a dangerous condition, and failing to properly supervise and instruct, and the plaintiff's injuries were caused by the negligence. The plaintiff does not allege that the city owed a duty to the plaintiff, however, and from where the duty arose. General Statutes § 10-220 places on the Board of Education the duty of maintenance of schools, and the duty to hire and fire teachers. See also General Statutes §§ 10-221
and 10-151. The city has no duty to operate and maintain apparatus on school grounds. See Local 1186 v. Board ofEducation, 182 Conn. 93, 100, 436 A.2d 12 (1980); Perrault v.City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 126984 (March 17, 1993) (Lewis, J.). In this instance, the plaintiff has not identified a duty owed by the city to the plaintiff. and accordingly the second count is stricken.
The motion to strike count five is denied, however. General Statutes § 7-465 permits an injured plaintiff to directly seek indemnification from a municipal employer, which includes school board employees, so long as the complaint claims liability on the part of the employee. Kaye v. Town of Manchester,20 Conn. App. 439, 443-44, 568 A.2d 459 (1990). The plaintiff claimed liability on the part of the gym instructor in count three, and accordingly the plaintiff can seek indemnification from the town.
RYAN, J. CT Page 6353