[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
CT Page 125-AA
On September 20, 1993, the plaintiff, Kevin Russo, filed a complaint sounding in negligence against the defendant, the Borough of Naugatuck. In his complaint, the plaintiff alleges the following facts. On September 28, 1991, the plaintiff was playing in a softball tournament on Breen Field South, an athletic field owned and managed by the defendant Borough. The teams participating in the tournament had paid a fee to participate. During the game, plaintiff injured his hand on the jagged outfield fence. The plaintiff alleges that the defendant was negligent because: it should have foreseen that the dangerous and defective condition of the fence was likely to cause harm to players; it failed to erect a barrier on its own property to protect players from hitting the outfield fence; it failed to fix the fence or request that the State of Connecticut to fix the fence; and it failed to warn the players of the defective condition of the fence. The plaintiff alleges that as a result of the severe injuries to his hand, wrist and arm, he has incurred medical expenses, impaired both his ability to attend to his normal employment duties and his potential earnings capacity.
Defendant Borough of Naugatuck filed an answer denying or not admitting the allegations of the complaint and a special defense CT Page 125-BB that plaintiff's claims are barred by the Recreational Use Statute, C.G.S. § 52-557g.
On October 22, 1996, the defendant filed a second motion for summary judgment on the grounds that claims are barred by the doctrine of governmental immunity. The defendant submitted a memorandum of law in support of its motion and an affidavit executed by the engineer for the Borough of Naugatuck that the State of Connecticut owned, managed, possessed and controlled the outfield fence. On November 8, 1996, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment arguing that the doctrine of governmental immunity does not bar this claim. The plaintiff did not submit affidavits or any other documentary evidence.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the CT Page 125-CC same facts." (Citations omitted; internal quotation marks omitted.) Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994).
In its memorandum of law in support of its motion for summary judgment, the defendant contends that the plaintiff's claim is barred by the doctrine of governmental immunity and that it does not own, control or maintain the jagged fence, which is owned, managed and controlled by the State of Connecticut. The defendant acknowledges an exception to the doctrine of governmental immunity if there is "imminent harm/identifiable victim." CitingGordon v. Bridgeport Housing Authority, 208 Conn. 161,544 A.2d 1185 (1988), the defendant maintains that it is a question of law as to whether the duty exists and whether its public or private and that if there was a duty to warn the players about the defective condition of the fence, the duty was discretionary.
In his memorandum of law in opposition to the defendant's motion for summary judgment, the plaintiff counters the claim is not barred by the doctrine of governmental immunity. Relying onPrifty v. Waterbury, 133 Conn. 654, 54 A.2d 260 (1947), the plaintiff argues that the defendant is not immune because it created or maintained a nuisance. He also cites Hoffman v.Bristol, 113 Conn. 386, 155 A. 499 (1931) for the proposition that governmental immunity does not apply to claims of nuisance CT Page 125-DD and Keeney v. Town of Old Saybrook, 237 Conn. 135, 676 A.2d 795
(1996) for the proposition that a municipality could be held liable for intentional failure to abate a public nuisance.
The plaintiff also contends that the defendant's claim of governmental immunity is without merit because the plaintiff was a foreseeable victim. He cites Burns v. Board of Education,228 Conn. 640, 638 A.2d 1 (1994), in support of his argument. The plaintiff also argues that even if he was not a foreseeable victim, under Shore v. Stonington, 187 Conn. 147, 444 A.2d 1379
(1982), where there is a clear duty to act, governmental immunity will not bar a claim of negligence. He also contends that the court should deny the motion for summary judgment in order to allow him to "present evidence on the question of whether the action and/or inaction of the borough was governmental or ministerial." He relies on Lostumbo v. Board of Education,36 Conn. Sup. 293, 418 A.2d 949 (1980) as authority. The plaintiff also argues that the public policy enunciated in Conway v.Wilton, 238 Conn. 653, 680 A.2d 242 (1996) supports his contention that the defendant is not immune from liability based on an injury which occurred on public recreational land.
Finally, the plaintiff argues that the court should not grant the defendant's motion for summary judgment because it failed to plead governmental immunity as a special defense in its answer CT Page 125-EE pursuant to Practice Book § 164. Thereafter, defendant amended its answer to allege governmental immunity without objection by plaintiff.
Although the complaint does not allege ownership of the offending outfield fence by defendant Borough, it clearly alleges that defendant had knowledge of the dangerous and defective condition of that fence and a duty to warn or prevent injury to players on the borough-owned ballfield from injury caused by the defective fence. As such, the complaint raises issues of fact, not law, as to the proper and safe maintenance of a recreational facility open to the public and whether the acts complained of in operating the facility were proprietary, governmental or ministerial in nature. Gauvin v. New Haven, 187 Conn. 180, 186
(1982); Conway v. Wilton, 238 Conn. 653-675 (1996); Tango v. NewHaven, 173 Conn. 203 (1977); Roman v. Stamford,16 Conn. App. 213, 221 (1980); Hoffman v. Bristol, 113 Conn. 386 (1931); andLeetowt v. Norwalk, 41 Conn. Sup. 402 (1990). The complaint also raises issues of material fact as to whether plaintiff was one of a foreseeable class of victims (ballplayers) to which the defendant owed a duty of care (proper maintenance of a reasonably safe playing field). Burns v. Board of Education, 228 Conn. 640
(1994). These issues of fact are not appropriate for resolution by summary judgment. Burns, supra; Tango, supra; Lostumbo, supra 297; Fraser v. Henninger, 173 Conn. 52, 61 (1977). CT Page 125-FF
As to plaintiff's claims of nuisance, the complaint fails to allege any positive act, negligent or otherwise, on the part of the municipality, and thus this theory is not available in this case. Hoffman, supra 392; Sestaro v. Glastonbury,19 Conn. Sup. 156, 159 (1954).
Defendant has failed to meet its burden of establishing the absence of any issue of material fact and its entitlement to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is denied. Practice Book § 384.
Sequino, J.