[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#105)
I. Factual and Procedural History
On February 6, 1997, the plaintiffs, Robin G. Russell and Ashley E. Russell, bring this negligence action against the defendants Superintendent of Schools, James McKenna CT Page 2243 (Superintendent), the town of Lebanon (Town), and the Board of Education of the Town of Lebanon (Board). Robin G. Russell is the mother and next friend of the minor plaintiff Ashley E. Russell. The plaintiffs allege negligence against the Superintendent (count I), the Town (count II), and the Board (count III) claiming that on September 17, 1996, Ashley Russell, age 13, was in school at the Lebanon Middle School, during school hours. The school roof had a leak which created wet areas on the gymnasium floor. Containers were placed on the floor to catch the leaking water. While participating in gym class, Ashley slipped and fell on a puddle of water on the gymnasium floor and suffered injuries.
On April 30, 1997, the defendants filed a motion to strike all counts of the complaint. On June 9, 1997, the plaintiffs filed an objection to the defendants' motion to strike and an accompanying memorandum of law. The defendants filed a memorandum in response to the plaintiffs' objection on July 24, 1997. On October 2, 1997, the plaintiffs filed a reply to the defendants' reply. This court heard oral argument on November 3, 1997.
II. Motion to Strike, Generally
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [plaintiffs'] have stated a legally sufficient cause of action." Dodd v. Middlesex Mutual Assurance Company,242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Faulkner v. United Technologies Corporation, supra,240 Conn. 580.
III. Discussion
The defendants move to strike counts one and three on the grounds that they are barred by the doctrine of sovereign immunity and, alternatively, by governmental immunity. The defendants move to strike count two on the ground that it is barred by the doctrine of governmental immunity. The defendants also move to strike count three on the ground that the plaintiffs CT Page 2244 cannot bring a private cause of action against the Board and move to strike count two on the ground that the town did not owe the minor plaintiff a duty of care.
A. Duty of Care of the Town of Lebanon.
The defendants move to strike count two of the complaint on the ground that any duty to maintain the public schools belongs to the Board and that the Town does not owe a duty of care to the minor plaintiff. The plaintiffs argue that the town's duty to maintain the gymnasium floor arises from General Statutes §§ 10-240
and 10-15.
Count two of the plaintiffs' complaint is not an indemnification claim. Rather, count two is a direct negligence claim alleging that the town was "negligent and careless in the maintenance and control of said gymnasium floor." "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). "The existence of a duty is a question of law." Id., 384. Although General Statutes § 10-240 states that the Board of Education will maintain the public schools for each town,[1]
§ 10-220 (a) specifically states that the Board "shall have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes. . . ." The duty, therefore, to maintain school property has been delegated to the Board of Education. See Miller v. City ofStamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144988 (October 2, 1996, Ryan, J.) (17 Conn. L. Rptr. 667) (holding that the city had no duty to maintain school property since such duty belonged to the Board of Education); Perrault v. City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 126984 (March 17, 1993) (holding that the city "has no duties with respect to the operation and maintenance of apparatus on school grounds," since "[s]uch responsibilities are those of the Board of Education."). General Statutes § 10-15 concerns the length and scheduling of the school sessions during each school year, and is inapplicable. Since the town had no duty with respect to the maintenance of the gymnasium floor, the motion to strike count two of the complaint is granted.
B. Whether § 52-557n permits a private cause of action against the Board. CT Page 2245
The defendants move to strike count three on the ground that General Statutes § 52-557n does not permit a private cause of action for negligence against the Board. The plaintiffs argue that § 52-557n permits this action.
"A board of education can be held liable for negligence pursuant to General Statutes 52-557n(a)(1)(A), which permits a direct action against such a board for the negligence of its employees. . . ."[2] Bongiovanni v. Board of Education, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 110243 (April 29, 1994, Lewis, J.). The "Board of Education is within the purview of 52-557n(a)(2)(B). It is a political subdivision of the state with respect to education."[3] Odorczukv. Tirrell, Superior Court, judicial district of Litchfield, Docket No. 073697 (September 4, 1997, Pickett, J.T.R.) (citing toR.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218,504 A.2d 542 (1986)). This court finds that General Statutes § 52-557
(n) permits a private cause of action against the Board. Accordingly, the defendants' motion to strike count three on this ground is denied.
C. Sovereign Immunity and Governmental Immunity.
The defendants move to strike counts one and three of the plaintiffs complaint on the grounds that these causes of action are barred by the doctrine of sovereign immunity, and alternatively, by the doctrine of governmental immunity. The plaintiffs argue that sovereign immunity is not a proper defense since the defendants were acting as municipal agents rather than state agents and that the defendants are not protected by governmental immunity since the minor plaintiff falls under the "foreseeable class of victim" exception to governmental immunity.
The court may consider claims of sovereign immunity on a motion to strike. See Heigl v. Board of Education, 218 Conn. 1,2, 587 A.2d 423 (1991); Todd M. v. Richard L., 44 Conn. Sup. 527,531, 696 A.2d 1063 (1995). Generally, governmental immunity must be specially pleaded in accordance with Practice Book § 164.Gauvin v. New Haven, 187 Conn. 180, 184-85, 445 A.2d 1 (1982). However, when "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the [plaintiffs], the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the CT Page 2246 legal sufficiency of the complaint through a motion to strike."Brown v. Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743
(1987); see also Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988) (approving the practice of deciding the issue of governmental immunity as a matter of law).
i. Sovereign Immunity.
The state is immune from suit unless it consents to be sued.Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990). Through appropriate legislation the General Assembly may "waive the state's sovereign immunity from suit and authorize suits against the state." (Internal quotation marks omitted.) Id. "When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim."Krozser v. New Haven, 212 Conn. 415, 421, 562 A.2d 1080 (1989), cert. denied sub nom., Krozser v. Connecticut, 493 U.S. 1036,110 S.Ct. 757 (1990). "The protections offered by the doctrine of sovereign immunity have been extended to agents of the state acting on its behalf." (Internal quotation marks omitted.) R.A.Civitello Co. v. New Haven, supra, 6 Conn. App. 218.
ii. Governmental Immunity.
"A suit against a municipality is not a suit against a sovereign." Murphy v. Ives, 151 Conn. 259, 264, 196 A.2d 596
(1963). "Towns have no sovereign immunity and are capable of suing and being sued . . . in an action." (Internal quotation marks omitted). Id. "Municipalities do, in certain circumstances, have a governmental immunity from liability." Id. "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." I (Internal quotation marks omitted.)Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 167-68; see also Burns v. Board of Education, 228 Conn. 640, 645638 A.2d 1 (1994); Conway v. Wilton, 238 Conn. 653, 672, 680 A.2d 242
(1996).
iii. Boards of Education and Superintendents. CT Page 2247
"A town board of education can be an agent of the state for some purposes and an agent of the municipality for others. A town board of education thus potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity." (Citation omitted.) Heigl v. Board ofEducation of New Canaan, supra, 218 Conn. 3-4. "There is no question but that local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of article eight § 1. . . . Local boards of education are also agents of the municipality that they serve, however." (Citations omitted.)Cheshire v. McKenney, 182 Conn. 253, 258, 438 A.2d 88 (1980). "Local boards of education are not agents of the state . . . in performing each and every mandated function. . . . Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature in light of the state constitutional mandate to furnish public education. Local boards of education also are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits." (Citation omitted.)R.A. Civitello Co. v. New Haven, supra, 6 Conn. App. 218-19.
"In determining whether a local school board is afforded the protections consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state. . . . The maintenanceof school property is not encompassed within the educationalactivities of the state." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 218 19. See also Cahillv. Board of Education, 187 Conn. 94, 102, 444 A.2d 907 (1982) (holding that sovereign immunity does not protect the board in a contract action between itself and a teacher since such an action would neither control the activities of the state nor subject it to liability); Lostumbo v. Board of Education, 36 Conn. Sup. 293,295-96, 418 A.2d 949 (1980) (holding that the board was not protected by sovereign immunity where plaintiff was allegedly injured from a fall on an icy sidewalk on school property since the board is not an agent of the state where the alleged tortious conduct of the board would have no bearing on the state's activities); Stultz v. Larosa, Superior Court, judicial district of Tolland at Rockville, Docket No. 456704 (August 8, 1997, Klaczak, J.) (holding that governmental immunity, and not sovereign immunity, was the board's proper defense where CT Page 2248 plaintiff was allegedly injured during an assault on school property since the board was acting on behalf of the municipality in its function to maintain control over the public schools);O'Farrell v. Claude Chester Elementary School, Superior Court, judicial district of New London, Docket No. 526692 (August 16, 1995, Hendel, J.) (holding that sovereign immunity was inapplicable where plaintiff was allegedly injured during recess since, in performing the duties of proper supervision and training, the board acts as an agent of the town, rather than the state); Rosen v. Reale, Superior Court, judicial district of New London, Docket No. 527510 (January 13, 1994, Hurley, J.) (holding that sovereign immunity did not shield the board and superintendent from liability where the plaintiff was allegedly injured during an altercation with another student on the playground since the defendants do not act as state agents when furthering their duty to maintain control over the schools);Crandall v. Groton Board of Education, Superior Court, judicial district of New London at Norwich, Docket No. 102935 (November 26, 1993, Hendel, J.) (holding that the board was protected by sovereign immunity in a negligence action where the plaintiff was allegedly harassed by school bus drivers since the board acts as a state agent in providing transportation to school in furtherance of Article 8 § 1).
Accordingly, this court finds that neither the Board nor the Superintendent are shielded from liability by the doctrine of sovereign immunity. In this negligence action, the plaintiffs allege that the defendants failed to properly maintain and control the gymnasium floor. Maintenance of school property is not done in furtherance of Article eight § 1. Rather, the Board and the Superintendent act as municipal agents when acting in furtherance of their duty to maintain and control school property. Accordingly, the defendants' motion to strike counts one and three on the grounds of sovereign immunity is denied.
 iv. "Foreseeable class of victim" exception to Governmental Immunity.
The parties do not dispute that governmental immunity is a proper defense. The defendants argue that governmental immunity bars the plaintiffs' cause of action because the facts, as alleged, do not fall within one of the recognized exceptions to governmental immunity. The plaintiffs argue that the minor plaintiff does fall within the "foreseeable class of victim" exception. The issue before this court is whether one of the CT Page 2249 recognized exceptions to governmental immunity permit this negligence action.
The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evons v. Andrews,211 Conn. 501, 505, 559 A.2d 1131 (1989).
In Burns v. Board of Education, supra, 228 Conn. 640, the court held that the "identifiable person/imminent harm" exception to governmental immunity permitted a school child to bring an action for negligent maintenance of school grounds against the Board of Education and the Superintendent. In that case the minor plaintiff was allegedly injured, during school hours, when he fell on an icy school courtyard. The court noted that to recover against the Board and the Superintendent, the plaintiffs would need to fall within one of the exceptions to governmental immunity for discretionary acts. The issue before the court was "[w]hether there is a `foreseeable class of victim' exception to the governmental immunity doctrine which would include students allegedly the victims of improper school maintenance." Id., 644. In referring to the "exception permitting a tort action in circumstances of perceptible imminent harm to an identifiable person," the court stated that it construes that exception "to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Id., 645-46. The court noted that "statutory and constitutional mandates demonstrate that school children attending public schools during school hours are intended to be the beneficiaries of certain duties of care." Id., 648. "Statutes describe the responsibilities of school boards and superintendents to maintain and care for property used for school purposes."[4] Id. "At least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated." Id., 649. CT Page 2250
In Burns, the court stated that since the danger was limited to the duration of the temporary icy condition, and since "the potential for harm from a fall on ice was significant and foreseeable," the plaintiff was "one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance of safety of the school grounds, and accordingly, governmental immunity [was] no defense." Id., 650. The court noted that "children require special consideration when dangerous conditions are involved." Id.
Burns is directly applicable to the present case. Ashley Russell was statutorily required to be in school where she was allegedly injured. Thus, the Board and the Superintendent owed her a duty of care from foreseeable harms. The complaint alleges that Ashley slipped and fell in a puddle on the gymnasium floor and that containers had been placed on the gymnasium floor to catch leaking water while the students participated in gym class. Similar to the risk posed by an icy courtyard in Burns, Ashley faced a risk that was limited in duration, and was significant and foreseeable. This court finds that the complaint alleges sufficient facts to establish that Ashley was one of a class of foreseeable victims to whom the Board and the Superintendent owed a duty of care in relation to the maintenance and safety of school property. Accordingly, governmental immunity does not shield the Board or the Superintendent from liability. The defendants' motion to strike counts one and three on the ground of governmental immunity is denied.
IV. Conclusion
Accordingly, the defendants' motion to strike count two is granted since the town did not owe a duty of care, with respect to the maintenance of school property, to the minor plaintiff. The defendants' motion to strike counts one and three, against the Superintendent and the Board, respectively, is denied since the plaintiffs claims are not barred by the doctrine of sovereign immunity and are permitted by the "foreseeable class of victim" exception to governmental immunity.
Handy, J.