CLIFFORD L. ROTH, ADMINISTRATOR (ESTATE OF FREDERICK J. ROTH) ET AL. *v.* JOHN A. MACDONALD.

RUTH E. TEFT, ADMINISTRATRIX (ESTATE OF CYRUS H. TEFT) ET AL. *v.* JOHN A. MACDONALD.

SUSSANA E. WOOD, ADMINISTRATRIX (ESTATE OF FRANCIS C. WOOD) ET AL. *v.* JOHN A. MACDONALD

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued June 8th—decided June 30th, 1938.

*Cornelius J. Danaher,* for the appellants (plaintiffs).

*Morris Tyler,* with whom was *Charles A. Watrous,* for the appellee (defendant).

JENNINGS, J.  The plaintiffs sought to recover damages for injuries suffered because of the failure of the defendant to keep a trunk line highway in repair. The decision of the trial court for the defendant was based upon two grounds: (1) that the defects in the highway were not the sole cause of the death of the plaintiffs' intestates, (2) that the responsibility for keeping this particular highway in a reasonably safe condition for public travel was not placed on the defendant.

The findings upon which the first conclusion was based are not subject to correction or addition. The three men who were subsequently killed were being driven north on Buckland Street, Milldale, in a new Auburn car at about 2 o'clock in the morning. The traveled surface of the highway is sixteen feet wide, is composed of oiled gravel and is crowned. There is a ditch along its easterly side. About two hundred feet north of the southerly terminus of Buckland Street is a bridge about twelve and one-half feet wide. Guard rails extend about ten feet south from each side of the bridge. There are three large trees close to the bridge on the easterly side of the road and there is

a stump four feet east of the traveled way, more than thirty-three feet south of the bridge. The tracks of the car left the traveled way north of the stump and ran thirty-three feet to the trees by the bridge. The car crashed into these trees and stopped at the south-easterly corner of the bridge. It was completely wrecked, the three passengers were killed and the driver terribly injured.

While there is no specific finding of negligence on the part of the driver, the finding, read in the light of the memorandum of decision, precludes any other conclusion. Be this as it may, the claim of the plaintiffs that the driver was operating the car with due care was expressly overruled and, what is more important, the court found affirmatively that the death of the plaintiffs was caused, not by defects in the highway, but by the manner in which the driver was operating the car.

The trial court correctly based its decision on the familiar rule stated in *Bartram* v. *Sharon,* 71 Conn. 686, 690, 43 Atl. 143, as follows: "It is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself or of a third person is also a proximate cause, he cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute." So here, the conduct of the driver of the car, the "third person" of the opinion, was obviously a contributing factor. *Grenier* v. *Glastonbury,* 118 Conn. 477, 480, 173 Atl. 160. He drove off the traveled portion of the highway and into three large trees at the speed indicated by the resulting damage. The plaintiffs offered testimony to meet this

situation by explaining why the car left the road, but since, as stated, the finding cannot be corrected in this regard, it supports the conclusion. Since this in turn supports the judgment, no discussion of the question as to whether the defendant was responsible for keeping the highway in repair is necessary.

There is no error.

In this opinion the other judges concurred.