### FRANK HARRINGTON
*vs.*
### LESLIE BRINDLEY, ET AL.

Superior Court     New Haven County     File No. 47966

MEMORANDUM FILED DECEMBER 6, 1939.

*Frederick S. Harris,* of Meriden, for the Plaintiff.

*Francis A. Pallotti, Attorney General,* for the State Highway Commissioner.

FOSTER, J. The plaintiff has framed his complaint in one count setting forth therein his cause of action. He claims that his injuries were proximately caused by negligence of the defendant Brindley and a nuisance created by the failure of the state highway commissioner to perform his statutory duty.

The plaintiff would have no cause of action against the state highway commissioner were it not for the provisions of section 1481 of the General Statutes, Revision of 1930. The condition in the highway of which the plaintiff complains arose out of negligence of the state highway commissioner in failing to perform his duty under the statute.

It is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself or a third person is also a proximate cause, he was not injured by the defect; he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute. *Roth vs. Macdonald,* 124 Conn. 461.

"It is of course true that, to entitle the plaintiff to recover, the defect must have been the sole proximate cause of his injuries, and that he had no right of action if his negligence or that of a third party was also a proximate cause." *Parker vs. Hartford,* 122 Conn. 500, 505.

The demurrer of the state highway commissioner to the complaint is sustained.