MAXINE B. DERFALL ET AL. *v.* TOWN OF WEST HARTFORD ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 134500

Memorandum filed January 22, 1964

*Samuel Tallow* and *Benjamin J. Rabinovitz,* of Hartford, for the plaintiffs.

*Schatz, Weinstein & Seltzer,* of Hartford, for defendants The Edward P. Hayes and Sons Company, Edward S. Hayes, Thomas F. Hayes, John D. Hayes, Edward P. Hayes, Jr., and Ethel Jary.

*Thomas P. Byrne,* corporation counsel, for defendant town of West Hartford.

*Courtney, Mansfield, Sullivan & Ripley,* of Hartford, for defendants Willis G. Parsons, Jr., and town of West Hartford.

HOUSE, J.   This action has been brought by the plaintiff and her father against the town of West Hartford, the board of education for the town of West Hartford, Willis G. Parsons, Jr., The Edward Hayes and Sons Company, Edward S. Hayes, Thomas F. Hayes, John D. Hayes, Edward F. Hayes, Jr., Ethel Jary and Raymond Fish.   The action is in two counts, the first being on behalf of the plaintiff Maxine Derfall and the second on behalf of her father for the recovery of expenses incurred by his daughter.

In brief, the substance of the complaint is that the plaintiff Maxine Derfall was a passenger in a West Hartford school bus owned by the defendants Hayes and operated by the defendant Ethel Jary on Tunxis Road in West Hartford and was injured when the bus collided with a tree.   So far as the town of West Hartford and Raymond Fish are concerned, the allegations are that Fish was superintendent of streets for the town and it "was his duty to keep said streets free of ice and snow and

safe for vehicular traffic," that the board of education "was an agency of the Town of West Hartford and was acting within the scope and course of its authority," and that the town was charged with the responsibility for maintaining the school system of the town and for the safe transportation of retarded children from their homes to various schools. It is alleged that the defendant Fish was negligent in that he failed to remove the ice and snow from the highway, failed to sand it so as to make it safe, and failed adequately to supervise the removal of snow and ice from the highway. It is further alleged that the plaintiff's injuries were not the result of any wilful or wanton act of the defendant Fish and that in accordance with the provisions of § 7-465 of the General Statutes "the defendants, as aforesaid, were jointly and severally notified of the aforesaid occurrence and demand was made upon the defendants more than 30 days before the date" of the writ, summons and complaint.

To this complaint the defendants town of West Hartford and Raymond Fish have demurred on the ground that the complaint discloses no breach of duty or act of negligence by the town of West Hartford, that the acts of negligence alleged to have been committed by Fish relate to a defective highway, and that the action should have been brought under § 13-11 of the General Statutes (repealed effective June 6, 1963; see § 13a-149), the provisions of which have not been complied with.

It would appear that the drafter of the present complaint and brief supporting it on demurrer had made but a cursory examination of the applicable law although the ad damnum claimed is $275,000.

Right at the start, it is appropriate to note two well-established principles of law. In this state,

local boards of education are not agents of the town but are creatures of the state. A town board of education is an agency of the state in charge of education in the town, and in fulfilling its duties as such an agency it is acting in a governmental, not a proprietary capacity. *Waterford* v. *Connecticut State Board of Education,* 148 Conn. 238, 245; *Fowler* v. *Enfield,* 138 Conn. 521, 530; *Norwalk Teachers' Assn.* v. *Board of Education,* 138 Conn. 269, 275; *Sestero* v. *Glastonbury,* 19 Conn. Sup. 156. Hence, the allegation in the complaint that the West Hartford board of education is an agency of the town of West Hartford is, as a matter of law, untrue.

The duty of building and repairing highways is imposed by statute on the towns. General Statutes § 13-2 (repealed effective June 6, 1963; see § 13a-99). In carrying out this duty, the town is engaged in the performance of a public governmental duty imposed upon it by the state and is not liable for damages incident to the discharge of that duty unless made so by statute. *Scoville* v. *West Hartford,* 131 Conn. 239, 241; *Salzman* v. *New Haven,* 81 Conn. 389, 392. Section 13-11 of the General Statutes does provide a right of action for a person to recover damages from a municipality which is bound to keep a highway in repair. By its terms, a condition precedent to such an action is notice to the municipality of the injury—which notice must be given within sixty days thereafter or, if the defect consists of ice and snow, within ten days thereafter. In an action for injuries caused by a highway defect, it is the duty of the plaintiff to recite the statutory notice given the town as required by statute. *Barteis* v. *Windsor,* 134 Conn. 569. Parenthetically, it should also be noticed that the municipality is not liable unless the defect is the sole and essential cause of the injury. *Roth* v. *MacDonald,* 124 Conn. 461, 463. The duty

of maintaining the highways in West Hartford being by statute imposed upon the municipality, it follows that the allegation in paragraph 6 of the complaint that that duty was the duty of the defendant Fish is not true as a matter of law.

Although it is true that a demurrer admits all facts well pleaded; *Joseph Rugo, Inc.* v. *Henson,* 148 Conn. 430, 432; *International Union* v. *General Electric Co.,* 148 Conn. 693, 697; it does not admit erroneous conclusions of law. *Perkins* v. *Coffin,* 84 Conn. 275, 280; *Coughlin* v. *Knights of Columbus,* 79 Conn. 218, 222. As drafted, the complaint alleges that it was the duty of the defendant Fish to maintain the highway. Even if this allegation was not false as a matter of law, no liability would attach to the defendant Fish for his negligence in the performance of a public duty requiring the exercise of discretion. *Stiebitz* v. *Mahoney,* 144 Conn. 443, 449.

The demurrer is well-taken and is sustained.

What has been said is dispositive of the issues raised by the present demurrer, and "[a] trial court should not, in passing upon a demurrer, consider other grounds than those specified." *Turrill* v. *Erskine,* 134 Conn. 16, 19. However, in the light of these pleadings, it is perhaps not impertinent to note that although the complaint purports to set forth a cause of action under the provisions of § 7-465 of the General Statutes, it nevertheless is not brought in separate counts against the employee and the municipality. "The complaint should be in two counts: the first, alleging the facts essential to the legal liability of the employee, and the second, the facts essential to the legal liability of the municipality under the statute." *Martyn* v. *Donlin,* 148 Conn. 27, 32. The same case also notes, so far as the defense is concerned: "In an action under this statute . . . it may appear that the interests of the

municipality and its employee are antagonistic. Therefore, they should be represented by independent counsel." The same case also notes that for the plaintiff "to establish the liability of the municipality under § 7-465, . . . [he] must prove compliance with the requirements of the statute as to demand and notice." That the present complaint is otherwise fatally defective is obvious. See *MacLeod* v. *Milford,* 25 Conn. Sup. 70; *Shaw* v. *Industrial Safety Supply Co.,* 23 Conn. Sup. 149; *Cagianello* v. *Letare,* 23 Conn. Sup. 130; *Barkley* v. *Bristol,* 23 Conn. Sup. 133. None of these defects having been raised by the present demurrer, however, the decision of the court is placed entirely upon the defects which have been raised by the present demurrer.

The demurrer is sustained.