[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises from a motor vehicle accident on a public highway in the City of Waterbury. The plaintiff alleges in his complaint that on August 17, 1988, the named defendant, Dayton Construction Co. ("Dayton") was performing construction activities relating to work on a water main at Perkins Avenue in Waterbury. The plaintiff was driving his automobile west on Perkins Avenue in the westbound lane. At the same time, another automobile was directed by Dayton's signs to proceed eastward in the westbound lane because of construction on the eastbound lane. Because the construction activity was at the crest of a hill, neither vehicle could see the other. A head-on collision ensued, causing various injuries to the plaintiff.
The plaintiff has sued Dayton; Donald Sullivan, the Superintendent of Streets for the City of Waterbury; and the City itself. The first count of the complaint is directed against Dayton and is not relevant for present purposes. The second count alleges that Sullivan was negligent in that he allowed Perkins Avenue to exist in a dangerous condition, that he failed to order the street closed to vehicular traffic, that he failed to post an officer at the site to direct traffic, that he failed to properly warn motorists of the dangerous condition, and that he failed to inspect the street for safety. The third count claims that the acts of negligence alleged against Sullivan were within the scope of his employment and seeks indemnification pursuant to Conn. Gen. Stat. Sec. 7-465. Sullivan and the city have moved to strike the second and the third counts claiming that under Conn. Gen. Stat. Sec. 52-557n, which restricts the liability of political subdivisions of the state, an action can only be brought under the (comparatively restrictive) defective road statute, Sec. 13a-149, and that the acts attributed to Sullivan are not acts which the city is liable to indemnify. For the reasons discussed below, the motion to strike is denied. CT Page 1360
Conn. Gen. Stat. Sec. 52-557n(a)(1) provides that,
 Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . .and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.
In drafting this statute, the legislature drew a distinction between negligent acts or omissions, on the one hand, and defective roads or bridges, on the other. This distinction is not an altogether helpful one, especially in the context of this case, for a defective condition may be the result of the negligent act or omission of a political subdivision of its agent. It is nevertheless necessary to examine the allegations contained in the complaint to determine their essential character. Since this case comes before the court in the posture of a motion to strike, those allegations must be "construed in a manner most favorable to the pleader." Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6
(1980).
The accident in question allegedly occurred as a result of construction activities relative to work on a watermain. The city contends that, "The condition claimed to be central here is the placing of directional signs at the construction site." Signs are "part of the physical appurtances of the street," O'Hare v. City of Detroit, 362 Mich. 19, 106 N.W.2d 539, 540 (1960), and negligently placed or improperly maintained signs may make a road defective for purpose of the defective road statute. Steurer v. Yuhasz, 29 Conn. Sup. 352, 287 A.2d 643 (1972). See Stephen v. City and County of Denver, 659 P.2d 666 (Colo. 1983), and authorities cited therein. If the plaintiff's allegations did indeed rest solely on the improper placement of signs, the city's motion to strike would have considerable force. That is not, however, the case. The plaintiff has instead alleged a constellation of negligent acts and omissions involving a water main construction project that he claims caused his injury. This CT Page 1361 is a different matter altogether.
"Where the municipality through its agent or employer acts in the performance of a governmental duty, it has a limited immunity from liability. . .but when the act complained of is ministerial, the municipality is responsible for its negligent execution." Wright v. Brown, 167 Conn. 464, 471, 356 A.2d 176 (1975). "[A] municipality acts ministerially in constructing and repairing public improvements or works. . .and hence is liable to persons injured by negligence in the performance of such corporate duties. . . .This rule of liability has been applied in a wide variety of situations, including, inter alia, the construction of. . .waterworks." 18 E. McQuillan, The Law of Municipal Corporations, 269-70 (3d ed. 1984).
The negligent acts complained of in connection with the construction project here are significantly different from the failure to remove snow and ice held to be a discretionary (and thus governmental) act or the superintendent of streets in Derfall v. Town of West Hartford, 25 Conn. Sup. 302, 306, 203 A.2d 152
(1964). The Court also notes that the plaintiff alleges not that Sullivan failed to make a reasonable or adequate inspection of the site in question, but that he failed to inspect it at all. This is a crucial distinction indicating that the acts complained of were ministerial in nature. See Evon v. Andrews, 211 Conn. 501,506-07, 559 A.2d 1131 (1989).
Conn. Gen. Stat. Sec. 7-465 "provides for indemnification by the municipality of the employee's liability and not for the assumption of the liability." Boucher v. Fuhlbruck,26 Conn. Sup. 79, 83, 213 A.2d 455 (1965). Because it would be inappropriate to strike the negligence count against the employee, it would be similarly inappropriate to strike the indemnification count against the municipality.
For the foregoing reasons, the motion to strike must be denied.
Dated at Waterbury this 15th day of February, 1991.
JON C. BLUE Judge of the Superior Court