[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO STRIKE (#103)
ISSUE
Whether the plaintiff's complaint should be stricken as to two of the defendants, under the doctrine of sovereign immunity.
FACTS
On January 28, 1991, the plaintiff, Richard Pointer, filed a single count complaint against defendants Ephelene DiBona, Joseph Cirasuolo, and Lewis Siegel. Defendant DiBona is the Chairman of the Board of Education in the Town of Clinton, Connecticut; defendant Cirasuolo is the Superintendent of Schools for the Town of Clinton; and defendant Siegel is the Building Inspector for the Town of Clinton. The complaint alleges that for approximately two months during 1989, the CT Page 4474 plaintiff worked as an electrician at Morgan High School, and while so employed he worked in confined spaces containing asbestos dust. The plaintiff alleges that the defendants were responsible for the safety and maintenance of the school, and that his exposure to asbestos was due to their negligence in that: (1) they failed to take measures to remove the asbestos; (2) they failed to provide the plaintiff with protective equipment; and (3) they failed to warn the plaintiff of the presence of asbestos in the work area. The plaintiff claims that as a result of the defendants' negligence, he "suffers from severe anxiety and stress due to the potential of developing asbestosis and other related lung diseases." (Complaint, paragraph 7).
Defendants DiBona and Cirasuolo filed this motion to strike and a supporting memorandum of law on January 13, 1992. The motion to strike is based on the defendants' argument that they are immune from suit under the doctrine of sovereign immunity. Although the plaintiff has not filed a memorandum of law in opposition to the defendants' motion as required by Practice Book 155, he should not be deemed to have consented to the granting of the motion. See Southport Manor Convalescent Center, Inc., v. Foley, 216 Conn. 11, 12 n. 1, 578 A.2d 646
(1990); Practice Book 155.
DISCUSSION
The purpose of a motion to strike "`is to test the legal sufficiency of a pleading. . . .The motion to strike, like the demurrer, admits all facts well pleaded.'" (Citations omitted.) Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
Pursuant to Practice Book 154, "[e]ach motion to strike shall separately set forth each. . .claim of insufficiency and shall distinctly specify the reason or reasons for each. . . claimed insufficiency." A motion to strike that does not specify the grounds of unsufficiency is "fatally defective." Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1
(1991). The requirement of Practice Book 155 that a motion to strike be accompanied by an appropriate memorandum of law does not satisfy the requirement of 154 that the reason(s) for the claimed pleading deficiency be specified in the motion itself. Blancato v. Feldspar, 203 Conn. 34, 36-37 n. 3,522 A.2d 1235 (1987). However, the court may consider a motion to strike that fails to specify the reason(s) for the deficiency when no objection has been raised to the form of the motion, CT Page 4475 because the specificity requirement of 154 is not jurisdictional. Bouchard v. People's Bank, supra.
The defendants' motion to strike merely moves to strike the plaintiff's complaint and states only that "[i]n furtherance of said Motion, a Memorandum in Support of the Motion to Strike is attached hereto and made part hereof." Although the form of the defendant's motion to strike is defective for failure to set forth a claim of insufficiency and specify reason or reasons for the insufficiency this court may address the merits of the motion because the plaintiff has filed to object to the form of the defendant's motion. See Bouchard v. People's Bank, supra.
Defendants DiBona and Cirasuolo argue that General Statutes 10-220 delegates the duties of maintaining and operating school buildings to local boards of education; thus, when agents of the board act in that regard, they are agents of the State. As a result, they argue, they are immune from suit under the doctrine of sovereign immunity, because they are being sued in their capacities as agents of the Board of Education, and in regard to their duty to maintain the building.
Sovereign immunity is a bar to subject matter jurisdiction and may therefore be raised by a motion to dismiss. Barde v. Board of Trustees, 207 Conn. 59, 66, 539 A.2d 1000 (1988). because the issue of subject matter jurisdiction may be addressed at any time, regardless of the form of the motion, the court may address the issue of sovereign immunity on a motion to strike. Nunes v. Blake Bus Service Inc., 3 CTLR 149, 150 (January 4, 1991, Mancini, J.), citing Practice Book 145, Cahill v. Board of Education, 198 Conn. 229, 238,502 A.2d 410 (1985).
"The doctrine of sovereign immunity, which establishes that the state cannot be sued without its consent, is well recognized in Connecticut. . . . The protection afforded by this doctrine has been extended to agents of the state acting in its behalf." Cahill v. Board of Education, 187 Conn. 94,101, 444 A.2d 907 (1982). "A town board of education can be an agent of the state for some purposes and an agent of the municipality for others." Heigl v. Board of Education,218 Conn. 1, 3-4, 587 A.2d 423 (1991).
 There is no question but the local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate CT Page 4476 of article eighth, 1. . . . Local boards of education act on behalf of the municipality. . .in their function of maintaining control over the public schools within the municipality's limits.
Cheshire v. McKenney, 182 Conn. 253, 258-9, 438 A.2d 88 (1980). "`In determining whether a local school board is afforded the protections consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state.'" R.A. Civitello v. New Haven, 6 Conn. App. 212, 218,504 A.2d 542 (1986).
In a similar case where a plaintiff brought suit for injuries sustained as a result of negligent maintenance of school grounds, the court found that the "alleged tortious conduct of a local board in these circumstances has no bearing on the state's activities. . . . Accordingly, the court finds that the board is not an agent of the state in a negligence action." Lostumbo v. Board of Education, 36 Conn. Sup. 293,295-6, 418 A.2d 949 (1980). Another court presented with a similar situation held that "[t]he maintenance of school property is not encompassed within the educational activities of the state." Board of Education v. Dow Chemical Co.,40 Conn. Sup. 141, 143, 482 A.2d 1226 (1984). Both Lostumbo and Dow Chemical were cited approvingly by the appellate court in R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 217-221,504 A.2d 542 (1986). Finally, when the issue of sovereign immunity of local school boards was put before the United States Court of Appeals, Second Circuit, the court applying Connecticut law, stated that
 "[B]eing a steward of state education policy does not make the school district an alter ego of the state". . . . This is true particularly in Connecticut, where actual implementation of the goals and maintenance of the public schools are the responsibilities of local boards, see Conn. Gen. Stat. 10-220 (1989), whose members are chosen by municipal election. See id. 9-203.
Rosa R. v. Connelly, 889 F.2d 435, 437 (2nd Cir. 1989).
In light of the above cited case law, in the case sub judice, the defendants were not acting as agents of the state in allegedly failing to perform their duties regarding the maintenance and safety of the school. Therefore, the CT Page 4477 defendants are not entitled to the protection of sovereign immunity, and their motion to strike is denied.
The defendants are not immune from suit under the doctrine of sovereign immunity, because they do not act as agents of the state in performing their duties of care and maintenance of school property.
AUSTIN, J.