[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Jean Molaver, alleging negligence and resulting injury from a fall on an uneven and broken sidewalk, has filed a CT Page 4725 complaint in two counts the first, against the City of Waterbury pursuant to Conn. Gen. Stat. 13a-149, the "defective highway" statute; and the second, against Raymond and Mary Jane Falcioni, who, in the alternative, are alleged to be the ones who owned, were in possession of, and controlled the sidewalk. The defendant City of Waterbury has denied any negligence and has cross-claimed against the Falcionis for indemnification. The cross-claim alleges that the injuries were caused by the "primary carelessness and negligence" of the Falcionis, that the City's negligence, if any, was "secondary in nature," and that the City is "entitled to be indemnified" by the co-defendants.
The Falcionis have moved to strike the cross-claim. They argue that there are no facts alleged giving rise to a claim for indemnification so that a cause of action has not been stated. They also argue that the basis for a successful verdict against the City could only be a finding that the City's negligence was the sole proximate cause of the injury so that there cannot be, in logic or in law, facts alleged which would sustain a cross-claim for indemnification. The court agrees.
There is ordinarily no right of indemnity between joint tortfeasors. Ferryman v. Groton, 212 Conn. 138 (1989). An exception exists when one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely on the former not to commit a wrong. Preferred Accident Ins. Co. v. Musante, Berman Steinberg Co., 133 Conn. 536, 543 (1947). Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Atkinson v. Berloni, 23 Conn. App. 325 (1990). Such a duty may arise from the joint ownership of property alleged to be the site of the negligence, Ferryman, supra, from an express contract, Maccarone v. Hawley, 7 Conn. App. 19 (1986), or from a lease contract for an automobile, Farm Bureau Mutual Automobile Insurance Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539 (1954). The duty must be an independent one, "not simply an active/passive negligence relationship," which the courts have concluded is inadequate to support indemnification. Ferryman, supra, at 144.
The City has alleged virtually no facts at all in its cross-claim, but has merely stated legal conclusions. See Smith v. Furness, 117 Conn. 97 (1933). Were the City to plead sufficient facts to state a cause of action for indemnification, the logical CT Page 4726 inconsistency of its position would be apparent. The essential elements that must be proved for a secondarily negligent tortfeasor to be indemnified by the primarily negligent tortfeasor are that the latter 1) must have been negligent, 2) is negligence rather than another's was the direct and immediate cause of the injury, 3) the indemnitor had exclusive control over the situation, and 4) the party seeking indemnification did not know of or anticipate the other's negligence and could reasonably rely on the indemnitor to operate in a negligence-free manner. Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982). Since the City cannot be found liable in the first instance unless its negligence is proved to be the sole proximate cause of the plaintiff's injuries, Roth v. MacDonald, 124 Conn. 461 (1938), a cause of action could not also lie against one whose negligence the City would have to prove was the "direct and immediate cause of the injury." Weintraub, supra, at 573.
The City has failed to state a cause of action for indemnification against the Falcionis.
The Motion to Strike is granted, and the Objection to it is overruled.
PATTY JENKINS PITTMAN, J.