[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 28, 1992, the plaintiff, Joseph Gallegos, filed a six count revised complaint against State Police Officer Gregory Post (Trooper Post), State Police Officer Sterling MacPherson (Trooper MacPherson) and the State of Connecticut. In count one, the plaintiff alleges that, during the early morning hours of July 28, 1989, he was driving a motorcycle and refused to stop at the direction of the defendant Troopers. A high speed chase allegedly ensued which ended when the plaintiff lost control of the motorcycle and drove off the road and into a tree, sustaining severe injuries. The plaintiff alleges that the accident was caused by the negligence of the defendant Troopers who, the plaintiff asserts, were acting within the scope of their employment. In count two, the plaintiff alleges that the state is liable for his damages pursuant to General Statutes section 29-8a. In count three, the plaintiff alleges that the chase and ensuing accident violated rights guaranteed him by article 1, sections 7 and 9, of the Connecticut constitution. In count four, the plaintiff claims damages pursuant to General Statutes section 52-566 for the alleged negligent operation of a state owned vehicle. In count five, the plaintiff alleges that the defendant Troopers' actions CT Page 7642 were willful, wanton, malicious and reckless. In count six, the plaintiff alleges assault against Troopers Post and MacPherson.
On December 3, 1992, the defendants filed a motion to strike counts one, two, three, five and six of the plaintiff's revised complaint together with a memorandum of law. On January 20, 1993, the plaintiff filed a timely memorandum in opposition to which the defendants filed a reply memorandum on February 12, 1993.
DISCUSSION
A motion to strike challenges the legal sufficiency of a complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book section 152(1); Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). A motion to strike admits all well pleaded facts; Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); which are construed in the manner most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36,522 A.2d 1235 (1987). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 449 A.2d 986 (1982). A motion to strike that imparts facts outside the pleadings is a "speaking motion to strike" and will not be granted. Conn. State Oil Co. v. Carbone, 36 Conn. Sup. 181, 183-83,415 A.2d 771 (Super.Ct. 1979).
1. Count One: Negligence
The defendants argue that count one which alleges negligence against Troopers Post and MacPherson, is barred by the doctrine of sovereign immunity. The plaintiff does not address this argument in his memorandum of law.
The doctrine of sovereign immunity operates as a bar to subject matter jurisdiction. Barde v. Board of Trustees,207 Conn. 59, 66, 539 A.2d 1000 (1988). Because subject matter jurisdiction may be addressed at any time, this court may address the issue of sovereign immunity on a motion to strike. See Cahill v. Board of Education, 198 Conn. 229,238, 502 A.2d 410 (1985); Pointer v. DiBona, 7 CSCR 707 (June 15, 1992, Austin, J.). CT Page 7643
The state is immune from suit unless the General Assembly, by appropriate legislation, authorizes suit against the state or the state consents to be sued. Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990). A suit against a state officer or employee concerning a matter in which the officer or employee represents the state is, in effect, one against the state. Krozser v. New Haven,212 Conn. 415, 420, 562 A.2d 1080 (1989). "When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. See General Statutes sections 4-141 through 4-165b." Id., 420.
Because the plaintiff neither cites a statute that waives the state's sovereign immunity nor alleges that the state has consented to be sued, count one is barred by sovereign immunity. Accordingly, the defendants' motion to strike count one is granted.
2. Count Two: General Statutes section 28-8a
The defendants argue that count two is legally insufficient because General Statutes section 29-8a does not provide for an independent right of action against the state. The plaintiff argues that if he prevails on count three, the state must indemnify the defendant Troopers pursuant to General Statutes section 28-8a. In order to be made whole, the plaintiff asserts that his claim against the state in count two is required.
General Statutes section 28-8a, provides, in relevant part:
 The state shall protect and save harmless any state policeman from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of the alleged deprivation by such state policeman of any person's civil rights, which deprivation was not wanton, reckless or malicious, provided such state policeman, at the time of the acts resulting in such alleged deprivation, was acting in the discharge of his duties or within the scope of his CT Page 7644 employment or under the direction of a superior officer.
Research revealed no Connecticut caselaw which interprets General Statutes section 29-8a. However, "the state's sovereign right not to be sued without its consent is `not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms. . . .'" Lacasse v. Burns, supra, 468 quoting Murphy v. Ives, 151 Conn. 259, 196 A.2d 596 (1963). Therefore, because General Statutes section 29-8a does not expressly create an independent right of action against the state, this court will not imply such a right. Thus, the defendants' motion to strike count two is granted.
3. Count Three: Constitutional claims
The defendants argue that, as a matter of law, the alleged acts of the defendant Troopers do not violate article 1, sections 7 or 9, of the Connecticut constitution. With regard to article 1, section 7, the defendants argue that the plaintiff's claims are legally insufficient because the defendant Troopers had an articulable suspicion to pursue the plaintiff and because no seizure of the plaintiff occurred. The defendants further argue that, even if a seizure occurred, the plaintiff's claims are insufficient because any seizure was reasonable under the circumstances. With regard to article 1, section 9, the defendants argue that the plaintiff's claims are insufficient because "the lack of due care, while leading to serious injury, simply does not approach the sort of abusive governmental conduct that the due process clause was designed to protect against."
In order to determine whether the plaintiff's claims are legally insufficient, this court would have to determine whether the defendant Troopers had an articulable suspicion to pursue the plaintiff, whether a seizure of the plaintiff occurred and whether the defendant Troopers engaged in abusive governmental conduct. This determination would require the court to examine facts outside of the pleadings, which renders the defendants' motion a "speaking motion to strike." Accordingly, the defendants' motion to strike count three is denied.
4. Count Five: Willful, wanton, malicious and reckless CT Page 7645 conduct
The defendants argue that count five is barred by sovereign immunity. The defendants further argue that because count five merely recites the negligence allegations of count one and appends the adjectives willful, wanton, malicious and reckless, it is legally insufficient. The plaintiff argues that count five contains sufficient factual allegations to state a claim against the defendant Troopers, in their individual capacities, for willful, wanton, reckless or malicious conduct.
General Statutes section 4-165 provides, in relevant part, that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." (Emphasis added). Thus, sovereign immunity does not protect state officers or employees for wanton, reckless or malicious acts done outside the scope of their employment. Id. The "mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45-46,492 A.2d 219 (1985). Sufficient facts must be alleged which, if proven, would support a finding of reckless or wanton misconduct. Id.
In paragraph 4(b) of count five, the plaintiff alleges that the defendant Troopers engaged in a high speed pursuit which caused the plaintiff to operate his motorcycle at a speed in a manner that threatened his life and limb. In paragraph 4(c), the plaintiff alleges that the defendant Troopers were aware of the danger posed to the plaintiff, yet continued the high speed pursuit. In paragraph 6, the plaintiff alleges that the defendants' actions exhibited an indifference to the life and limb of the plaintiff and were willful, wanton and malicious. In paragraph 7, the plaintiff alleges that the defendants' actions constitute reckless conduct.
Contrary to the defendants' assertion, the plaintiff does not merely append the adjective willful, wanton, malicious and reckless to the negligence claim contained in count one. The court finds that the plaintiff's allegation that the defendant Troopers were aware of the danger to the CT Page 7646 plaintiff yet continued pursuit, together with the allegations that the defendants engaged in willful, wanton, malicious and reckless conduct, are sufficient to state a claim against the defendant Troopers in their individual capacities for reckless or wanton misconduct. Accordingly, the defendants' motion to strike count five is denied.
5. Count Six: Assault
The defendants argue that count six, which alleges assault against Troopers Post and MacPherson, is barred by sovereign immunity. The plaintiff asserts that sovereign immunity does not apply because the acts of the defendant Troopers were reckless, in excess of their statutory authority and outside the scope of their employment.
"Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority"; Doe v. Heintz, 204 Conn. 17, 31, 526 A.2d 318 91987); because the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. Horton v. Meskill, 172 Conn. 615, 624,376 A.2d 359 (1977).
The court finds that the plaintiff's allegations that the defendant Troopers continued to pursue the plaintiff at a time when they should have abandoned pursuit and that the continued pursuit was done with "the intent of causing harm to the plaintiff," viewed in the light most favorable to the plaintiff, are sufficient to allege that the defendant Troopers acted recklessly or in excess of their statutory authority. Accordingly, the defendants' motion to strike count six is denied.
Conclusion
The defendants' motion to strike counts one and two, is granted, and the defendants' motion to strike counts three, five and six is denied.
BY THE COURT,
William M. Shaughnessy Judge, Superior Court CT Page 7647