[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
FACTS
This action involves a wrongful death claim arising out of a motor vehicle accident that occurred on May 13, 1993, on Interstate 84 westbound, near exit 57, in East Hartford, Connecticut. On January 4, 1994, the plaintiff, John St. Onge, the Administrator of the Estate of Joanne St. Onge [decedent], filed an amended complaint against the defendant, Emil Frankel, the Commissioner of the Department of Transportation. The plaintiff alleges that the defendant is liable for the decedent's death, pursuant to General Statutes § 13a-144, because the defendant breached his statutory duty under General Statutes § 13a-144 in one or more of the following ways:
 a. in that the Defendant, Commissioner of Transportation, failed and neglected to keep the State highway safe for travel;
 b. in that the guardrail termination design and ground slope maintained by the Defendant was defective and unsafe as it combined to lift Decedent's vehicle onto the guardrail and directed the automobile, without any possibility for the Decedent to regain control of her car, into the cement highway sign post;
 c. in that the State highway was unsafe as there were no crush cushions at the exit gore to absorb energy from errant-vehicle impacts, nor to redirect vehicle's such as the Decedent's away from the area where Decedent mounted the guardrail, causing her to strike the cement sign pole hazard; CT Page 9113
 d. in that there have been previous numerous accidents at said location on State Highway I-84, so that the Defendant, Commissioner of Transportation, had notice of, knew or should have known, that the area was unsafe, dangerous and defective, and he failed to exercise reasonable care to remedy said defect, hazard and danger.
On July 5, 1994, the defendant filed a motion for summary judgment, claiming that no genuine issue of material fact exists in the present case, and he is entitled to judgment as a matter of law. In support thereof, the defendant filed a memorandum of law and a copy of the plaintiff's answers to the defendant's second set of requests for admission. On August 1, 1994, the plaintiff filed an objection to the defendant's motion for summary judgment and a memorandum of law in opposition.
DISCUSSION
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99, cert. denied, ___ U.S. ___, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495,500, 538 A.2d 1031 (1988).
"A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light Power,7 Conn. App. 164, 167, 508 A.2d 58 (1986). In determining whether any genuine issue of material fact exists, the evidence is viewed in the light most favorable to the nonmoving party. Connell v.Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984). "The test is whether . . . [the moving] party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982). CT Page 9114
Generally, summary judgment is inappropriate in cases where "the ultimate issue in contention involves a mixed question of fact and law. . . ." Pine Point Corp. v. Westport Bank Trust Co.,164 Conn. 54, 56, 316 A.2d 765 (1972). Whether a particular duty owed has been breached is a question of fact. See Shore v.Stonington, 187 Conn. 147, 151-52, 444 A.2d 1379 (1982). Additionally, whether a particular breach of a duty owed was the proximate cause of a plaintiff's injuries is also a question of fact. Mather v. Griffin Hospital, 207 Conn. 125, 130, 540 A.2d 666
(1988); Coburn v. Lenox Homes, Inc., 186 Conn. 370, 384,441 A.2d 620 (1982). "Litigants have a constitutional right to have questions of fact decided by a jury." Seals v. Hickey, 186 Conn. 337,350, 441 A.2d 604 (1982).
The defendant argues that he is entitled to summary judgment because, although General Statutes § 13a-144 requires that an alleged highway defect must be the sole proximate cause of a plaintiff's damages, the plaintiff in the present case cannot, as a matter of law, establish that the alleged defect in the subject highway constitutes the sole proximate cause of the plaintiff's damages. In this regard, the defendant points to the following answers by the plaintiff to the defendant's second set of requests for admission:
 3. There are no witnesses who can testify as to why the plaintiff's decedent's motor vehicle left the traveled portion of the highway and into the guardrail between exit 57 and Interstate 84 in the accident which is the subject matter of this lawsuit.
Admitted.
 4. There are no known witnesses who can testify as to whether the plaintiff's decedent's was exercising reasonable care in the operation of her motor vehicle when her motor vehicle left the traveled portion of the highway in the accident which is the subject matter of this lawsuit.
 Plaintiff can not truthfully admit nor deny this request for admission based on all the information readily available and attainable to him at this time.
 5. The conditions regarding the guardrail referred to in the plaintiff's Amended Complaint January 3, 1994 were CT Page 9115 not the cause in fact for the plaintiff's decedent's motor vehicle to leave the traveled portion of the highway and into the guardrail between exit 57 and Interstate 84 in the accident which is the subject matter of this lawsuit.
 Plaintiff can not truthfully admit nor deny this request for admission based on all the information readily available and attainable to him at this time.
It follows, the defendant argues, that the plaintiff's action does not fall within the purview of General Statutes § 13a-144 and is, consequently, barred by the doctrine of sovereign immunity.
In response, the plaintiff argues that the defendant is not entitled to summary judgment, because his answers to the three requests for admissions set forth above illustrate that a genuine issue of material fact remains regarding whether the alleged defective highway guardrail was the sole proximate cause of the decedent's personal injuries and death. It follows, the plaintiff argues, that the present action does fall within General Statutes § 13a-144 and is not barred by the doctrine of sovereign immunity.
"`It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases.'" (Internal quotation marks omitted.) Bresnan v. Frankel, 224 Conn. 23,25-26, 615 A.2d 1040 (1992), quoting White v. Burns, 213 Conn. 307,312, 567 A.2d 1195 (1990). General Statutes § 13a-144, the state highway liability statute, "is a legislative exception to the common law doctrine of sovereign immunity and is to be strictly construed in favor of the state." White v. Burns, supra,213 Conn. 321. In order to recover against the state in a defective highway liability action, the plaintiff "must bring himself within [General Statutes] § 13a-144." White v. Burns, supra, 213 Conn. 312.
General Statutes § 13a-144 provides, in pertinent part, as follows:
 Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge CT Page 9116 or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
The supreme court of Connecticut has interpreted General Statutes § 13a-144 to require that liability imposed on the commissioner for a "defective highway" must be based on proof of: the existence of a defect in, upon, or near the highway; on the commissioner's failure to remedy the defect within a reasonable time after receiving actual or constructive notice of the defect; and on the defect being the sole proximate cause of the claimed injury. Hallv. Burns, 213 Conn. 446, 462, 569 A.2d 10 (1990). Thus, in order to recover against the state on claims brought pursuant to General Statutes § 13a-144, parties "must prove that the defective highway was the sole proximate cause of their injuries." Williamson v.Commissioner, 209 Conn. 310, 319, 551 A.2d 704 (1988), citingFoster v. Waterford, 186 Conn. 692, 695, 443 A.2d 490 (1982); Lukasv. New Haven, 184 Conn. 205, 207, 439 A.2d 949 (1981); Donnelly v.Ives, 159 Conn. 163, 167, 268 A.2d 406 (1970); Pape v. Cox,129 Conn. 256, 259, 28 A.2d 10 (1942); Roth v. MacDonald, 124 Conn. 461,463-64, 200 A. 725 (1938). Liability may not be imposed "if those injuries are . . . also proximately caused by the negligence of the plaintiff or a third person." (Emphasis added; citations omitted.) D'Arcy v. Shugrue, 5 Conn. App. 12, 14, 496 A.2d 967
(1985).
 "It is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself or of a third person is also a proximate cause, he cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute."
Lamb v. Burns, 202 Conn. 158, 175, 520 A.2d 190 (1987), quotingBartram v. Sharon, 71 Conn. 686, 690, 43 A. 143 (1899); Roth v.MacDonald, supra, 124 Conn. 463. Thus, "[s]ole proximate cause remains the standard of causation under § 13a-144." White v.Burns, supra, 213 Conn. 336." CT Page 9117
In the present case, the plaintiff has alleged in his complaint that the "defect(s) and Defendant's corresponding breach of his statutory duty were the sole proximate cause of the collision, and the corresponding damages." Additionally, the plaintiff has alleged that "[t]he injuries, losses and death" of the decedent "were caused solely and proximately by the Defendant, Commissioner of Transportation's breach of his statutory duty . . . ." Moreover, the plaintiff has not conceded that the decedent's injuries may have been, or were, also proximately caused by the negligence of the decedent or a third person. D'Arcy v. Shugrue, supra, 5 Conn. App. 14.
For the foregoing reasons the Court cannot find, as a matter of law, that the plaintiff will not be able to prove that the defect was the sole proximate cause of the decedent's injuries. It concludes that this is an issue of fact to be determined by the trier of fact. See, e.g., Hall v. Burns, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 335529 (January 14, 1991, Miano, J.) (defendant commissioner's motion for summary judgment denied, despite fact that operator of motor cycle upon which plaintiff was passenger was in violation of General Statutes § 14-289a at time of incident, because whether alleged defect was the sole proximate cause of plaintiff's injuries was on issue of fact to be determined by the trier of fact).
The Motion for Summary Judgment is denied.
Klaczak, J.