[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
A. Procedural Background
The plaintiff, Antwain Clarke, is a minor child who was allegedly injured while attending the Martin Luther King Elementary School, in Hartford, on September 21, 1993. (Complaint Count 1 ¶¶ 1, 2). The defendant, Hartford Board of Education (herein Board), was created by the City of Hartford. (Defendant's memorandum in support of its motion to dismiss p. 2). Plaintiff alleges that while dining in the cafeteria of the school, the defendant Kevin Fountain "slammed a plastic utensil down against the top of said table and/or his lunch tray, causing the utensil to snap and break into pieces." (Complaint Count 1 ¶ 2). The plaintiff further alleges Fountain repeated said conduct "causing the utensil to snap and a piece thereof to fly into the minor plaintiff's right eye" causing injuries. (Complaint Count 1 ¶ 3). The plaintiff alleges Patsy Darity, a teacher at School, and an "employee of said Hartford Board of Education and/or City of Hartford", negligently supervised the defendant's conduct in the cafeteria. (Complaint Count 2 ¶¶ 3, 5).
The complaint was filed with the court on August 1, 1995. Counts five and six allege vicarious liability and statutory liability of the Board for the negligence of its employee, Patsy Darity. (Complaint Count Fifth ¶ 9 and Sixth ¶ 9). On September 11, 1995, the Board filed a Motion to Dismiss based on lack of subject matter jurisdiction with an accompanying Memorandum. The plaintiff filed an Objection to the Defendant's Motion to Dismiss and Memorandum of Law.
B. Legal Discussion
Sovereign immunity is a bar to subject matter jurisdiction CT Page 11746 and may be raised by a motion to dismiss. Barde v.Board of Trustees, 207 Conn. 59, 66, 539 A.2d 1000 (1988). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation omitted.) Grantv. Bassman, 221 Conn. 465, 470, 604 A.2d 814 (1992); LeConchev. Elligers, 215 Conn. 701, 709, 579 A.2d 1 (1990). "The determination of whether a statutory requirement implicates the subject matter jurisdiction of the court must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." (Internal quotation omitted.) Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993).
The Board alleges two separate grounds in its motion to dismiss. First, the Board "lacks the capacity to be sued" because it is not a direct creation of the Connecticut General Assembly, having been created by the City of Hartford and cannot be sued in its own name. Second, the plaintiff having failed to allege that the Board or School was negligent, has failed to name the correct party, which is a fatal error.
1. Capacity of The Hartford Board of Education To Be Sued
General Statutes § 10-241 states in relevant part: "Powers of school districts. Each school shall be a body corporate and shall have the power to sue and be sued . . . ." A school district is defined as all of the public schools within a town's limits controlled by one board of education. General Statutes § 10-240. In Cahill v. Board of Education of the Cityof Stamford, 187 Conn. 94, 102, 444 A.2d 907 (1982) the Supreme Court stated "[A] local board of education . . . may sue or be sued on contracts in the same manner as municipal corporations." Applying the above facts, the defendant Board is not entirely immune to suit.
There is little appellate authority regarding whether a school board can be a party in a negligence action, although school boards are frequently named as parties. Generally when a school board is sued, it raises immunity as a defense. The question of immunity arises on two levels, sovereign immunity and governmental immunity, depending on the context in which the board of education is acting.
a. Sovereign Immunity
CT Page 11747
The doctrine of sovereign immunity provides that a state cannot be sued without its consent. Sentner v. Board ofTrustees, 184 Conn. 339, 342, 439 A.2d 1033 (1981); Cahill v.Board of Education of the City of Stamford, supra at 101. "The protection offered by the doctrine of sovereign immunity has been extended to agents of the state acting in its behalf. A board of education is an agent of the state in charge of education in a town." R.A. Civitello Co. v. New Haven, 6 Conn. App. 212,218, 504 A.2d 542 (1986); Cahill, supra; Deerfall v. WestHartford, 25 Conn. Sup. 302, 304-05, 203 A.2d 152 (1964). "In this state, local boards of education are not agents of the towns but are creatures of the states." Id.
The test for applying sovereign immunity was set out in R.A. Civitello Co. v. New Haven. "In determining whether a local school board is afforded the protection consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state." R.A. Civitello Co., supra at 218; Cahill,
supra at 102.
In applying the foregoing to the present case, in order for the defendant Board to benefit from sovereign immunity it must have acted as the state's agent in assigning Ms. Darity, a teacher, to provide supervision over the pupils dining in the school's cafeteria. It is submitted that even if the Board was acting as an agent of the state, i.e. dining is only one aspect of providing a public education, sovereign immunity would not apply since this is a negligence action. "A board is not an agent of the state in a negligence action."Lostumbo v. Board of Education, 36 Conn. Sup. 293, 296,418 A.2d 949 (April 17, 1980, Jacobson, J.); Pointer v. DiBona,7 CSCR 707 (May 14, 1994, Austin, J.)("the alleged tortious conduct of a local school board . . . [negligently exposing an employee to asbestos during maintenance of school property] has no bearing on the state's activities. . . . Accordingly, the court finds that the board is not an agent of the state in a negligence action.").
It is submitted, even if the Board was acting as an agent of the state, which is arguable, sovereign immunity would not apply since this is a negligence action. Further, the supervision of pupils in a school cafeteria is a function of the school and not the state. Supervision of the cafeteria is similar CT Page 11748 to the maintenance of school property, which was held to be outside the scope of sovereign immunity in R.A. CivitelloCo., supra at 218-219.
b. Governmental Immunity
"Local boards of education also are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits."R.A. Civitello Co., supra at 218; see also, Cahill, supra at 101. "A municipal corporation enjoys qualified immunity in the performance of a governmental function." Fraser v. Henniger,173 Conn. 52, 60, 376 A.2d 406 (1977); Lostumbo, supra at 296. However, when a municipality or school board is engaged in proprietary or ministerial activities, its actions are not governmental and it do does not enjoy immunity from negligence resulting from those activities. Couture[1], supra at 312. The activity is governmental when the municipality acts as the agent of the state, and ministerial or proprietary when the activity particularly benefits the inhabitants of the municipality. Id.
In Board of Education v. Dow Chemical Co., 40 Conn. Sup. 141,143, 482 A.2d 1226 (1984), the court held "The maintenance of the school property is not encompassed within the educational activities of the state." In this case the school wanted to impose sovereign immunity as a bar to the defendant's statute of limitations defense. The court refused to grant the school sovereign immunity since the school was not acting as the agent of the state.
In Tango v. New Haven, 173 Conn. 203, 205,377 A.2d 284 (1977) the court stated, a municipal body "is not immune from liability where the conduct complained of constitutes negligent execution of a ministerial duty."; see also Lostumbo,
supra at 296. A ministerial duty has been defined as "a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Burns v. Board of Educationof the City of Stamford, 228 Conn. 640, 645, 638 A.2d 1
(1994).
Whether the Board was negligent, as alleged by the plaintiff in its complaint, in a ministerial or governmental function is a question of fact for the trier of fact. Tango, supra at 205-206. ("Whether the acts complained of . . . [are] CT Page 11749 governmental or ministerial is a factual question which depends on the nature of the act complained of.") See Couture, supra at 311. Further, if the court was to determine it was a ministerial function, then governmental immunity would not apply. If, however, the supervision was found to be governmental, the governmental immunity could still be inapplicable if the plaintiff could prove an exception.
In Burns, supra at 640, the court held the doctrine of governmental immunity generally bars suit for the negligent performance of a discretionary duty. Id., 645. However, inBurns the plaintiff established an exception to governmental immunity: "[W]here the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Id. The court held the school superintendent owed a duty of protection to the foreseeable victims, pupils using the school grounds, to make sure the grounds were maintained; therefore, governmental immunity was no defense. Id. at 649.
Although Burns dealt with the liability of a municipal employee and failed to address the liability of the Board itself, the same logic applies. The school board would owe a duty to the pupils dining in the cafeteria to provide adequate supervision and maintain a safe environment. It would be foreseeable that if inadequate supervision was provided, pupils dining could be injured from a host of activities. Thus, taking plaintiff's allegations in the light most favorable, the plaintiff has pled sufficient facts to overcome the defendant Board's motion to dismiss the complaint for lack of subject matter jurisdiction.
2. Negligence Alleged
The defendant cites General Statutes § 10-235, which requires the Board of Education to indemnify an employee for negligent conduct during the scope of the employee's duties, and then states "there is no allegation here of negligent conduct on the part of any school or board of education employee." (Motion to Dismiss, p. 2) The defendant is attempting to argue that even if an employee was negligent, the school board would indemnify the negligence; thus, there is no subject matter jurisdiction over the Board or the plaintiff has failed to name the correct party, which is a fatal error. CT Page 11750
In Drahan v. Regional School District No. 18, Superior Court, Judicial District of New London, at New London, Docket No. 523352 (December 23, 1992, O'Connell, J.), the court stated "[a]lthough it is true that the Board's employees may be indemnified from loss in certain circumstances under General Statutes § 10-235, this is irrelevant to the court's jurisdiction."; see also Conti v. Labier, Superior Court, Judicial District of Hartford/New Britain, Docket No. 363483 (February 27, 1991, Purtill, J.) ("The statute [10-235] creates no direct liability from the plaintiffs to the Board of Education".)
This court feels that the plaintiff has pled sufficient facts (Ms. Darity was negligent in supervising the dining in the school cafeteria and that the Board was negligent in assigning Ms. Darity to this duty) to survive the motion to dismiss under this count. The defendant Board's contention that the plaintiff has named the wrong party is without merit regarding the liability of the Board.
C. Conclusion
Based on the above analysis the court denies the defendant Hartford Board of Education's Motion to Dismiss.
SUSAN B. HANDY JUDGE, SUPERIOR COURT